IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWAYNE CECIL WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-675-GMS |
| | ) | |
| PHILIP MORGAN, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Dwayne Cecil Webb. *Pro se* petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

**MEMORANDUM OPINION**

March 9, 2011
Wilmington, Delaware


Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Dwayne Cecil Webb ("Webb"). (D.I. 2) For the reasons discussed, the court will deny the petition as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June, 2009, Webb was arrested on the charges of offensive touching, terroristic threatening, harassment, and non-compliance with bond conditions in Delaware Superior Court case ID 0906024833. (D.I. 14 at 1) Webb filed a petition for a writ of habeas corpus in the Superior Court on July 28, 2009, which was denied on August 5, 2009. *Id.*

On October 7, 2009, Webb entered a guilty plea to the charges of non-compliance with bond conditions and offensive touching, and the State *nolle prossed* the remaining charges. (D.I. 14 at 1-2) The Delaware Superior Court immediately sentenced Webb, effective June 29, 2009, to a total of 101 days in prison, with no probation to follow. His sentence expired on October 9, 2009. *Id.* at 2.

On October 7, 2009, prior to entering his guilty plea, Webb filed in this court the instant petition for habeas relief. (D.I. 2) The State filed a motion to dismiss in May 2010, contending that the court should dismiss the case as moot. (D.I. 14)

## II. ARTICLE III JURISDICTION AND MOOTNESS

According to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). The "case-or-controversy

1

requirement subsists through all stages of federal judicial proceedings." *Lewis*, 494 U.S. at 477-78.

When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act"[1] "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong*, 264 F.3d at 383-84.

## III. DISCUSSION

Webb's petition asserts two claims: (1) his pre-trial bail was excessive; and (2) counsel provided ineffective assistance by failing to file a timely motion for reduction of bail and by failing to represent Webb at the motion hearing.

As an initial matter, the court notes that Webb's excessive bail claim was rendered moot by his conviction on October 7, 2009. *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). Moreover,

---

[1] *Kissinger*, 309 F.3d at 181.

2

both of Webb's claims are moot because they no longer present a live case or controversy under Article III. Webb completed his sentence on October 9, 2009, and he has been fully released from custody. He has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, Webb has failed to satisfy Article III's case-and-controversy requirement for either claim. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Accordingly, the court will deny the instant petition in its entirety as moot.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the

3

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant petition does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right.

## IV. CONCLUSION

For the foregoing reasons, Webb's § 2254 petition is dismissed. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DWAYNE CECIL WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 09-675-GMS |
| | ) | |
| PHILIP MORGAN, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. The State's motion for leave to file a motion to dismiss (D.I. 13) is **GRANTED**.

2. The State's motion to dismiss (D.I. 14) is **GRANTED**.

3. Petitioner Dwayne Cecil Webb's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 (D.I. 2) is **DISMISSED**, and the relief requested therein is **DENIED**.

4. The court declines to issue a certificate of appealability due to Webb's failure to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: March 9, 2011

CHIEF, UNITED STATES DISTRICT JUDGE